# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TEODOLFO SALCEDO-VAZQUEZ,  )
   Plaintiff,  )
   )
vs.  )  Case No. 13-606-GPM
   )
S. NWAOBASI, E. FUENTES,  )  Trial By Jury is
JOHN/JANE DOE, and  )  Demanded on All
WEXFORD HEALTH SOURCES INC.,  )  Counts.
   Defendants  )

## COMPLAINT

Plaintiff, TEODOLFO SALCEDO-VAZQUEZ ("SALCEDO-VAZQUEZ"), and for his Complaint against Defendants S. NWAOBASI ("NWAOBASI"), E. FUENTES ("FUENTES"), JOHN/JANE DOE and WEXFORD HEALTH SOURCES INC. ("WEXFORD"), and state as follows:

### NATURE OF COMPLAINT

1. Plaintiff, SALCEDO-VAZQUEZ, brings this

action pursuant to Section 1983 of the United States Code, for damages against Defendants, as more fully identified below, claiming that certain Defendants deprived him of his right secured by the Eigth Amendment, where Defendants failed to provide medical treatment for serious medical needs and pain. Plaintiff also alleges the State Torts of medical negligence and medical malpractice.

2. Plaintiff further brings this action per 42 U.S.C. Sec. 1983, alleging that certain Defendants, as discribed more fully below, to provide or deliberate obstruction of physician prescribed medical treatment deprives him of his rights secured by the Eigth and Fourteenth Amendments. Plaintiff seeks monetary damages remedying these conditions.

## JURISDICTION

3. Jurisdiction over this cause exists under 28 U.S.C. Sec. 1343. This Court has jurisdiction

over Plaintiff's State Tort claims under 28 U.S.C. Sec. 1367.

## VENUE

4. Venue is proper in this district and division in that the claim enumerated herein arose during Plaintiff's confinement at Menard Correctional Center.

## PARTIES

5. Plaintiff, SALCEDO-VAZQUEZ, is in custody of Illinois Department of Corrections ("IDOC"), at Menard Correctional Center ("Menard"), P.O. Box 1000, Menard Illinois 62259.

6. All Defendants enumerated herein were, at all times relevant hereto, employees/agents of IDOC and were, at all times relevant hereto, acting within the scope of their employment as employees/agents of IDOC. Defendants are being sued in their individual capacity.

7. Plaintiff has exhausted all available

and necessary administrative remedies for purposes of proceeding with this lawsuit. (Attached)

8. Plaintiff has filed no previous lawsuits.

## COUNT ONE
(Deliberate Indifference To Serious Medical Needs Negligence Malpractice-- Damages.)

9. Plaintiff has a right, secured by the Eigth Amendment, and State laws, to receive adequate medical care and to not be denied medical care and ordinary care as result of his custodians' deliberate indifference to serious medical need, pain, negligence or malpratice.

10. In this count, Plaintiff seeks damages under 42 U.S.C. Sec. 1983, law prohibiting negligence and medical malpractice, against Defendants NWAOBASI, FUENTES, JOHN/JANE DOE and WEXFORD, claiming that said Defendants, individually and in conspiracy one with the other, deprived Plaintiff of his

right secured by the Eighth Amendment and State laws prohibiting negligence and malpractice.

11. At all times relevant hereto, Defendants were acting under color of law and within the scope of their employment, within the meaning of 42 U.S.C. Sec. 1983.

12. Plaintiff currently suffers from a tumor on his left shoulder.

13. On November, 2011, Plaintiff was diagnosed for "Benign fibroadipose tissue with striated muscle and blood clot."

14. On several dates, from June of 2011 thru and up to May of 2012, Plaintiff, SALCEDO-VAZQUEZ, made multiple and repetitive written and verbal requests, to Defendants, to be provided adequate and meaningful medical treatment -- comparable to that standard consistent within the St. Louis metropolitain erea -- for his diagnosed medical condition and resultant pain.

15. In excess of thirteen (13) months Plaintiff's cries for adequate and meaningful medical care went unheeded, denied and/or disregarded.

16. Specifically, during the aforementioned period, Plaintiff was allowed, by Defendants, to suffer severe pain related to the tumor on his left shoulder. Such pain would grow in severity where Plaintiff could not sleep for days, could not raise his left arm, numb from top of left shoulder down through left arm to fingers, etc.

17. Plaintiff suffers dizziness and fatigue on a regular basis.

18. In May, 2012, Defendant, NWAOBASI, saw Plaintiff at Menard Health Care Unit at which time Plaintiff yet again complained of the severe pain he ramained in; due to the tumor on his left shoulder.

19. Defendant, NWAOBASI, appeared to become annoid and speak rapid words Plain-

tiff neither understood nor were translated in accommodation of Plaintiff's lack of understanding of English.

20. Defendant, NWAOBOSI, exited the room, spoke with a female health worker, then returned with some medical tooks which he used to cut into Plaintiff tumor for about one hour.

21. Prior to, during, nor after Defendant NWAOBASI cut into the tumor on Plaintiff's shoulder was Plaintiff allowed to clean or prep the tumor.

22. Plaintiff was in unbarable pain during the entire time he was being cut into by Defendant NWAOBASI.

23. Plaintiff was thereafter denied his prescribed medication of "Ultram 50 mg" and "Neurotin 300 mg."

24. Thereafter, Plaintiff spoke to the female health worker, who was a nurse, at his cell location, regarding the "operation" to his tumor by Defendant NWAOBSI and inquired

as to why he was not recieving him medically prescribed pain meds. Plaintiff was informed the Defendant, NWAOBASI, was not authorized to cut the tumor and that the prescription medication was discontinued by the health provider.

25. Plaintiff not only continue to suffer pain but is in more agonizing pain after Defendant, NWAOBASI, cut into the tumor on Plaintiff's left shoulder. Such tumor has appeared to become infected with a discharge.

26. Defendants, NWAOBASI, FUENTES, JOHN/JANE DOE and WEXFORD not only deliberately denied Plaintiff medical treatment for prolonged physical pain, but subjected him to an impromptu back-ally "operation" under conditions shocking to standards of medical decency in an evolving society. Then JOHN/JANE DOE and/or WEXFORD obstructed/discontinued prescribed pain medications.

27. Defendants enumerated herein, were, at all times relevant, fully aware of Plaintiff's

diagnosis for "Benign fibroadipose tissue with striated muscle and blood clot."; yet Defendants willfully, wantonly and continuously refuse Plaintiff medical care for prolonged physical pain and obstructed prescribed pain medications.

28. As a proximate result of the foregoing action/inaction of Defendants, Plaintiff has suffered ongoing pain of physical injury, bodily mutilation and mental anguish.

WHEREFORE Plaintiff, TEODOLFO SALCEDO-VAZQUEZ, pray for judgment in his favor and against Defendants, S. NWAOBASI, E. FUENTES, JOHN/JANE DOE and WEXFORD HEALTH SOURCES INC. in an amount sufficient to compensate him for the injuries sustained, and further request an award of punitive damages.

Respectfully Submitted,
/s/ _____
Plaintiff

Teodolfo Salcedo-Vazquez, #M21621
Menard Corr. Ctr.
Menard, IL  62259



**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

May 7, 2013

Teldofo Salcedo-Vazquez
Register No. M21621
Menard Correctional Center

Dear Mr. Salcedo-Vazquez:

This is in response to your grievance received on April 19, 2013, regarding Medical (treatment-biopsy-5/17/12), which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's Report (16213) and subsequent recommendation dated March 27, 2013 and approval by the Chief Administrative Officer on April 3, 2013 have been reviewed.

Tumor was removed on 5/17/12. Grievant was taken to the infirmary for 23 hour observation. If grievant has medical concerns, he must put in a request to see the MD.

Based on a review of all available information, it is the opinion of this office that the grievance be resolved as medical treatment has been afforded to the Offender.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
S.A. Godinez
Director
5/22/13

cc: Warden Harrington, Menard Correctional Center
    Teldofo Salcedo-Vazquez, Register No. M21621