IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEODOLFO SALCEDO-VAZQUEZ, )<br>No. M21621, )<br>    )<br>    Plaintiff, )<br>    )<br>    vs. )<br>    )<br>S. NWAOBASI, )<br>E. FUENTES, )<br>JOHN/JANE DOE, and )<br>WEXFORD HEALTH SOURCES, INC., )<br>    )<br>    Defendants. ) | Case No. 13-cv-00606-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Teodolfo Salcedo-Vazquez, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He brings suit against Dr. S. Nwaobasi, E. Fuentes, John/Jane Doe and Wexford Health Sources. Inc., alleging that they, individually and in conspiracy, denied Plaintiff proper medical care in violation of the Eighth Amendment. The defendants' acts and omissions are also alleged to constitute negligence and malpractice.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>         may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal, albeit without prejudice.

### 1. The Complaint

According to the complaint (Doc. 1), in 2011, a mass on Plaintiff's left shoulder was formally diagnosed as benign fibroadipose tissue with striated muscle and blood clot. Between June 2011 and May 2012, Plaintiff repeatedly made written and verbal requests for "meaningful

medical treatment," all to no avail. Consequently, Plaintiff was left in severe pain, with limited range of motion, and numbness that radiated down to his fingers. He also experienced dizziness and fatigue. In May 2012, Dr. Nwaobasi performed a "back alley" operation, without cleaning or preparing Plaintiff's shoulder. Dr. Nwaobasi prescribed Neurontin and Ultram. Plaintiff subsequently asked an unidentified nurse why he had not received his medication and he was told that, after health care provider Wexford Health Sources found out about the operation, Wexford discontinued Plaintiff's medication. Since the operation, Plaintiff has been in worse pain, and there has been infection and discharge at the site of the operation.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Dr. S. Nwaobasi, E. Fuentes, Jane/John Doe and Wexford Health Sources, Inc., individually and in conspiracy, were deliberately indifferent to Plaintiff's serious medical needs—pre-operation— between June 2011 and May 2012, in violation of the Eighth Amendment.**
>
> **Count 2:** **In May 2012, Dr. S. Nwaobasi was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment, when he performed a "back alley" operation on Plaintiff's shoulder.**
>
> **Count 3:** **Jane/John Doe and Wexford Health Sources, Inc., were deliberately indifferent to Plaintiff's serious medical needs when they failed to give Plaintiff prescribed medication after his operation.**
>
> **Count 4:** **In relation to Plaintiff's left shoulder injury and related pain, Dr. S. Nwaobasi, E. Fuentes, Jane/John Doe and Wexford Health Sources, Inc., individually and in conspiracy, negligently treated Plaintiff's medical needs and/or committed medical malpractice.**

1. **Discussion**

**Conspiracy**

Insofar as the complaint asserts that the defendants acted in conspiracy, all such claims must be dismissed.

"To establish [Section] 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (internal citation and quotation marks omitted); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Under Illinois law, "[i]n order to state a claim for civil conspiracy, a plaintiff must plead a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Buckner v. Atlantic Plant Maintenance, Inc.,* 694 N.E.2d 565 (1998) (citing *Adcock v. Brakegate, Ltd.,* 645 N.E.2d 888 (1994)). Plaintiff offers nothing more than a bald assertion of conspiracy. There is nothing in the complaint from which to reasonably infer the requisite mutual purpose.

**Personal Involvement**

As already noted, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, merely including a defendant's name in the caption of the complaint is insufficient to state a

claim. *See Ownes v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff lists E. Fuentes as a defendant in the caption of complaint, and he asserts that Fuentes was deliberately indifferent, but there are no allegations linking Fuentes to any of the specified acts. Therefore, Plaintiff has failed to state a colorable claim and Fuentes must be dismissed as a defendant.

Relative to "John/Jane Doe," Plaintiff's narrative describes Dr. Nwaobasi speaking with "a female health worker" just before the operation on Plaintiff's shoulder. Merely speaking with someone does not form the basis of any sort of claim. There is nothing in the complaint to link this "female health worker" to any of the allegations of deliberate indifference, negligence or malpractice. Thus, no claim has been stated against "female health worker."

Similarly, the allegation that Plaintiff spoke with "the female health worker, who was a nurse" regarding why he was not receiving his medication fails to state a claim. The nurse merely answered Plaintiff's question, which was not a specific request for medication.

The allegation that John/Jane Doe were deliberately indifferent also does not state an actionable claim, as there is nothing in the complaint linking *any* yet-to-be-identified defendants to any of the allegations of deliberate indifference, negligence or malpractice.

**Negligence/Medical Malpractice**

A defendant can never be held liable under Section 1983 for negligence. *Daniels v. Williams,* 474 U.S. 327, 328 (1986). However, where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), provided the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk*

*Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

The Court finds the necessary common nucleus of fact necessary for supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, as the claims are premised upon the same events. However, that is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2–622(a) (as amended by P.A. 90–579, effective May 1, 1998). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2–622(b).

Failure to file the required affidavits is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2–622(g); *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the

court. *Sherrod,* 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with [S]ection 2–622 before her action is dismissed with prejudice.' " *Id.*  In the instant case, Plaintiff has failed to file the necessary affidavit(s).

Because Counts 1, 2 and 3 (the federal Section 1983 claims) can each proceed in some part, in order to not delay this case further Count 4 will be dismissed *without prejudice* and with leave to amend to reassert that claim once Plaintiff has secured the required affidavit(s).

### Remaining Claims

Except as discussed above, Counts 1, 2 and 3 state colorable Eighth Amendment claims and shall proceed.

### 2.  Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) shall be addressed by separate order.  However, for purposes of effecting service of process, the Court will presume at this juncture that Plaintiff qualifies as a pauper.  *See* 28 U.S.C. § 1915(d).

Plaintiff's motion for appointment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

### 3.  Disposition

**IT IS HEREBY ORDERED** that any and all claims of a conspiracy are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants **E. FUENTES** and **JOHN/JANE DOE** are **DISMISSED** from all Counts without prejudice, and are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Count 4, containing Plaintiff's supplemental state law claims for negligence and medical malpractice, is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the only claims remaining in this action are **COUNTS 1-3** against Defendants **S. NWAOBASI** and **WEXFORD HEALTH SOURCES, INC.**

The Clerk of Court shall prepare for Defendants **S. NWAOBASI** and **WEXFORD HEALTH SOURCES, INC**.:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 2). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:** August 6, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge