IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *TEODOLFO SALCEDO-VAZQUEZ,* *#M21621,* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 13-cv-00606-GPM-DGW |
| *S. NWAOBASI, E. FUENTES, JOHN/JANE DOE, and WEXFORD HEALTH SOURCES, INC.* | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BY DEFENDANTS SAMUEL NWAOBASI, M.D. AND WEXFORD HEALTH SOURCES, INC.**

COME NOW Defendants Samuel Nwaobasi, M.D. and Wexford Health Sources, Inc., by and through their attorneys Sandberg Phoenix & von Gontard P.C., and for their Memorandum of Law in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, state as follows:

**INTRODUCTION**

Plaintiff, currently incarcerated at Menard Correctional Center, brings this cause of action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff claims that Dr. Nwaobasi and Wexford Health Sources, Inc. ("Wexford") treated his serious medical condition with deliberate indifference. Docs. 1 and 7. Specifically, Plaintiff alleges that he had a tumor on his left shoulder that Dr. Nwaobasi and Wexford treated with deliberate indifference. Docs. 1 and 7. As discussed below, Plaintiff failed to exhaust his administrative remedies regarding both of these claims and his claims against Dr. Nwaobasi and Wexford should be dismissed.

## II. APPLICABLE LAW

The Prison Litigation Reform Act (PLRA) requires that prisoners seeking relief pursuant to 42 U.S.C. §1983 for claims relating to conditions of their confinement must first exhaust all available administrative remedies. 42 U.S.C. §1997e(a). The prisoner must file grievances according to the rules and requirements set forth in the Illinois Administrative Code. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion is required regardless of the type of relief the prisoner seeks in his 42 USC § 1983 suit. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

To exhaust their administrative remedies, prisoners within the Illinois Department of Corrections must use the grievance system available within the prisons. 20 Ill. Admin. Code 504.810. First, the inmate must file his grievance at the institutional level within 60 days of the grieved incident. 20 Ill. Admin. Code 504.810(a). The grievance must contain factual details, including the name of the subject of the complaint. 20 Ill. Admin. Code 504.810(b). If the prisoner cannot name the subject of the complaint, he must provide as much descriptive information about the subject as possible. *Id.*

The inmate's grievance officer considers the grievance, and makes a recommendation to the Chief Administrative Officer of the institution ("Warden"). 20 Ill. Admin. Code 504.830(d). If the Warden denies the grievance, then the inmate must appeal the denial to the Administrative Review Board ("ARB") within 30 days. 20 Ill. Admin. Code 504.850. The inmate's administrative remedies are not exhausted until he receives a favorable decision from the Warden or his appeal is ruled on by the ARB. *Thornton v. Snyder*, 428 F.3.d 690, 695 (7th Cir. 2005) (exhaustion is complete when there is no possibility of further relief).

### III. ARGUMENT

Plaintiff was incarcerated at Menard Correctional Center at all relevant times. Doc. 1. He was therefore required to exhaust his administrative remedies against Dr. Nwaobasi and Wexford prior to filing suit. 42 U.S.C. §1997e(a).   Because Plaintiff failed to do so, his claims against Dr. Nwaobasi and Wexford should be dismissed. *Pozo*, 286 F.3d at 1025.

Defendants Nwaobasi subpoenaed Plaintiff's grievance records from the ARB and from Menard Correctional Center. Plaintiff's grievance records from Menard Correctional Center are attached herein as Exhibit 1, and Plaintiff's grievance records from the ARB are attached herein as Exhibit 2. According to these records, Plaintiff submitted one grievance at Menard Correctional Center regarding the alleged tumor on his left shoulder.[1] This grievance is dated May 9, 2012 and claims that Plaintiff saw "the doctor two weeks ago. And he do nothing." Ex. 1, p. 7 and Ex. 2, p. 5. Plaintiff received a denial from the Warden regarding this grievance on April 3, 2013. Ex. 1, p. 6; Ex. 2, p. 4. He appealed to the ARB, who confirmed the Warden's decision. Ex. 2, p. 3.

Plaintiff did not identify the doctor he saw two weeks prior to May 9, 2012 in the grievance. Ex. 1. p. 7. Defendants' also subpoenaed Plaintiff's medical records and those records are attached as Exhibit 3. The first time Dr. Nwaobasi treated Plaintiff in 2012 was May 16, 2012. Ex. 3, p.14  The medical records also reveal that Dr. Nwaobasi removed the growth on Plaintiff's left shoulder on May 17, 2012. Ex. 3, p.14

The Court has designated Plaintiff's claims against Dr. Nwaobasi and Wexford into three counts. Doc. 7. Count 1 is against Dr. Nwaobasi and Wexford for alleged deliberate indifferent to Plaintiff's left shoulder pain prior to the removal of the growth on Plaintiff's left shoulder. *Id.*

---

[1] Plaintiff's records from the Administrative Review Board show that on December 23, 2011, Plaintiff sent a grievance directly to the ARB without first submitting it at Menard. Ex. 2, p. 6, 7.

Count 2 is against Dr. Nwaobasi for alleged deliberate indifference during the growth removal. *Id.* Count 3 is against Wexford for alleged deliberate indifference following the growth removal. *Id.*

The only grievance Plaintiff submitted through the proper administrative channels was dated May 9, 2012. Ex. 1, p. 7; Ex. 2, p. 5. It does not identify Dr. Nwaobasi by name. It does identify a doctor that Plaintiff saw two weeks prior to May 9, 2012, but that doctor could not be Dr. Nwaobasi. Dr. Nwaobasi saw Plaintiff on November 23, 2011 and did not see Plaintiff again until May 16, 2012. Ex. 3, 2-14. Thus, Dr. Nwaobasi could not be the doctor identified in Plaintiff's grievance that Plaintiff saw two weeks prior to May 9, 2012. Therefore, summary judgment should be granted in favor of Dr. Nwaobasi on Count I as Plaintiff did not exhaust his administrative remedies against Dr. Nwaobasi prior to the growth removal.

Plaintiff's May 9, 2012 grievance does not identify Wexford. Wexford can only be liable for its own policies or customs; it cannot be liable for the actions of its employees. *Monell v. Dept. of Soc. Svcs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff did not identify a policy or custom that was causing him injury in the May 9, 2012 grievance. Instead, the grievance only identifies a doctor that treated Plaintiff two weeks prior to May 9, 2012 and gave him pain medication. Ex. 1, p. 7. Consequently, this grievance cannot suffice to exhaust Plaintiff's administrative remedies against Wexford for Count I, and summary judgment also should be granted in favor of Wexford.

Count II of Plaintiff's complaint is against Dr. Nwaobasi for deliberate indifference during the growth removal procedure. Plaintiff's May 9, 2012 grievance was submitted before the growth removal procedure, as is evidenced by Plaintiff's medical records and the substance of the grievance itself, which claims that Plaintiff has a tumor on his left shoulder and he would

like for it be removed. Ex. 1, p. 7; Ex. 3, p. 14. Plaintiff did not submit a grievance after the growth removal procedure. Ex. 1; Ex. 2. Accordingly, he did not exhaust his administrative remedies for the allegations in Count II, and summary judgment should be granted in favor of Dr. Nwaobasi.

Likewise, the allegations in Count III are that Wexford was deliberately indifferent by failing to provide Plaintiff pain medication after the growth removal procedure. Because the only grievance that Plaintiff submitted was submitted before the growth removal procedure, Plaintiff has not exhausted his administrative remedies regarding his post-growth removal complaints. As stated above, the grievance also does not identify a policy or custom of Wexford that is the subject of the grievance. Ex. 1, p. 7. Therefore, summary judgment should be granted in favor of Wexford on Count III.

In sum, Plaintiff's claims against Dr. Nwaobasi and Wexford should be dismissed. He properly submitted and appealed one grievance regarding his complaints of shoulder pain, but neither Dr. Nwaobasi nor Wexford were the subjects of the grievance. The grievance does not complain of any actions taken by Dr. Nwaobasi, or any of Wexford's policies or customs. As such, summary judgment should be granted in this matter in favor of Dr. Nwaobasi and Wexford.

WHEREFORE, for the reasons above and the reasons set forth in Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Defendants Samuel Nwaobasi, M.D., and Wexford Health Sources, Inc. respectfully request that this Court grant summary judgment in their favor and against Plaintiff for his failure to exhaust his administrative remedies prior to filing suit.

SANDBERG PHOENIX & von GONTARD P.C.


By:    *s/Leslie M. Warren*
       Timothy P. Dugan, #6271610
       Leslie M. Warren, #6304239
       600 Washington Avenue - 15th Floor
       St. Louis, MO  63101-1313
       314-231-3332
       314-241-7604 (Fax)
       E-mail:  tdugan@sandbergphoenix.com
                lwarren@sandbergphoenix.com


       Attorneys for Defendants
       Dr. Samuel Nwaobasi and Wexford Health
       Sources, Inc.


## Certificate of Service


        I hereby certify that on the 26th day of September, 2013, the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Teodolfo Salcedo-Vazquez, #M21621
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 1000
Menard, IL 62259
*Pro Se*


                        *s/Leslie M. Warren*