# SANDBERGPHOENIX
## & VON GONTARD P.C.

**Tammy J. White**
*Paralegal*

600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
Tel: 314.446.4312
Fax: 314.241.7604
tawhite@sandbergphoenix.com
www.sandbergphoenix.com

August 19, 2013

Record Office Supervisor
Menard Correctional Center
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

    Re:    **Teodolfo Salcedo-Vazquez, M21621 v. S. Nwaobasi, et al.**
           **USDC SDIL Cause No. 3:13-cv-00606-GPM-PMF**

Dear Sir/Madam:

    This firm represents Samuel Nwaobasi, M.D. and Wexford Health Sources, Inc. in an action brought against them by Teodolfo Salcedo-Vazquez, M21621. In preparing this case for trial, we need to obtain CERTIFIED copies of all records listed on the attached Subpoena concerning Mr. Salcedo-Vazquez, IDOC inmate number M21621.

    Also enclosed is an Order of the Court, permitting the release of records to our office. Please note that we need these records no later than September 9, 2013. It is our understanding you will mail these records to our office, in lieu of appearing for deposition. In addition, as the Records Custodian, please read and execute the enclosed affidavit. If the records are returned without a properly executed affidavit, it will increase the likelihood that a representative of your facility will have to appear before the court to certify the records.

    If you should have any questions or concerns, please contact me. Any charges associated with this request should be billed to this firm and directed to my attention. Thank you for your assistance.

                                                  Very truly yours,

                                                  Tammy J. White

/tjw
Enclosures
cc:    Teodolfo Salcedo-Vazquez

SANDBERG PHOENIX & VON GONTARD P.C.
4477602.1    ST. LOUIS, MO    CARBONDALE, IL    EDWARDSVILLE, IL    O'FALLON, IL
*Member of The Network of Trial Law Firms*

EXHIBIT 1 - 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

TEODOLFO SALCEDO-VAZQUEZ, M21621
V.
S. NWAOBASI, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 13-cv-00606-GPM-DGW

TO: Record Office Supervisor
Menard Correctional Center
711 Kaskaskia Street, PO Box 1000
Menard, IL 62259

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All grievances, grievance logs, emergency grievance logs and related documents from the Master File of Teodolfo Salcedo-Vazquez, M21621, and related grievance officer decisions, decisions of the Administrative Review Board and Director from April 1, 2011 to the current date. Grievance logs requested are to include both logged and processed, and any other entry referring to the named inmate.

| MAIL TO Sandberg Phoenix & von Gontard, PC, attn: Leslie M. Warren<br>600 Washington Ave. - 15th Floor<br>St. Louis, MO 63101 | DATE AND TIME<br>by September 9, 2013 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* attorney for Defendants Nwaobasi and Wexford Health Sources, Inc. | 8-19-13 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

name: Timothy P. Dugan and Leslie M. Warren   address: 600 Washington Ave. - 15th Fl.   phone: 314-231-3332
Sandberg Phoenix & von Gontard, PC                      St. Louis, MO 63101

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 1 - 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | mailed August 19, 2013 | to Menard, Illinois |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Record Office Supervisor<br>Menard Correctional Center | U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tammy J. White | Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____8/19/13____
DATE

_____
SIGNATURE OF SERVER

600 Washington Ave. - 15th Floor
ADDRESS OF SERVER

St. Louis, MO 63101

---

Rule 45, Federal Rules of Civil Procedure. Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 1 - 3

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF _____  )

## AFFIDAVIT OF CUSTODIAN OF GRIEVANCE RECORDS

Before me, the undersigned Notary Public, personally appeared _____,
who, being by me duly sworn, deposed as follows:

My name is Misti L. Price (Custodian of Records), I am of sound mind, capable of making this affidavit, and personally acquainted with the following facts:

I am a custodian of the records of Menard Correctional Center, hereinafter "this facility". Attached to this affidavit are 3 pages of records from this facility regarding **Teodolfo Salcedo-Vazquez, #M21621**. These 3 pages of records are kept by this facility in the regular course of business, and it was the regular course of business of this facility for an employee or representative of this facility to make a record of or to transmit information thereof to be included in such record; and the record was made at or near the time of the act or event. The records attached hereto are the original or exact duplicates of the original.

_____
Affiant

IN WITNESS WHEREOF I have hereunto subscribed my name and affixed my official seal this 20th day of September, 2013.

_____
Notary Public

My Commission Expires: 09/07/2015

```
Official Seal
Cynthia L Gimber
Notary Public State of Illinois
My Commission Expires 09/07/2015
```

4477475.1

EXHIBIT 1 - 4



**Illinois Department of Corrections**

PAT QUINN
Governor

S.A. GODINEZ
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

May 7, 2013

RECEIVED
JUN - 4 2013
Warden's Office, Menard CC

Teldofo Salcedo-Vazquez
Register No. M21621
Menard Correctional Center

Dear Mr. Salcedo-Vazquez:

This is in response to your grievance received on April 19, 2013, regarding Medical (treatment-biopsy-5/17/12), which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's Report (16213) and subsequent recommendation dated March 27, 2013 and approval by the Chief Administrative Officer on April 3, 2013 have been reviewed.

Tumor was removed on 5/17/12. Grievant was taken to the infirmary for 23 hour observation. If grievant has medical concerns, he must put in a request to see the MD.

Based on a review of all available information, it is the opinion of this office that the grievance be resolved as medical treatment has been afforded to the Offender.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
S.A. Godinez
Director
5/22/13

cc: Warden Harrington, Menard Correctional Center
Teldofo Salcedo-Vazquez, Register No. M21621

EXHIBIT 1 - 5

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

**Date Received:** February 4, 2013   **Date of Review:** March 27, 2013   **Grievance #** (optional): 16-2-13

**Offender:** Salcedo Vasquez   **ID#:** M21621

**Nature of Grievance:** Medical - Tumor

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender grieves he has a tumor on his back and needs medical attention. States he saw the doctor 2 weeks ago and he did nothing. The pill the doctor put him on hurts his stomach and the tumor is getting bigger and hurts his neck and back. Grievant wants to see the doctor.

Counselor received 5-10-12 and referred to the Health Care Unit noting see attached response from HCU.

Grievant did not return the Health Care Unit reply with his grievance.

Since the Health Care Unit response was not included when this grievance was received by the Grievance Office Medical Records was contacted and confirmed that grievant was seen on 5/15/12 regarding a tumor and an increase in size, was then seen by the med tech and referred to MD. On 5/16/12 was seen by MD who scheduled excision biopsy of the left to be done on 5/17/12. Following excision (on 5-17-12) of 11 cm by 8.5 cm taken to the infirmary for 23 hour observation.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED. Inmate is receiving medical treatment as determined by medical professionals. The tumor was excised on 5-17-12.

Lori Oakley
Print Grievance Officer's Name                                        Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** April 3, 2013   [X] I concur   [ ] I do not concur   [ ] Remand

**Comments:**

Chief Administrative Officer's Signature                                          4-3-13
                                                                                  Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____   _____   _____
Offender's Signature                ID#                             Date

Distribution: Master File; Offender          Page 1          DOC 0047 (Rev. 3/2005)
                                    Printed on Recycled Paper

EXHIBIT 1 - 6

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Date: May 9-12
Offender: Teodolfo Salcedo Vazquez
ID#: M-21621
Present Facility: Menard
Facility where grievance issue occurred: Menard E505

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: __/__/__
    Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I have a Tumor on my Left side of my upper Back and I need medical attention. I talk to the Doctor Two weeks ago. And he do nothing. the pill he put me on is Hurting my Stomach. I need Medical attention tumor is getting Bigger and Bigger please could someone "help me." The tumor is hurten my neck and my Back also. The Doctor is not doing anything about it.

**Relief Requested:** I need to see the Doctor, to get tumor Removed that's what am asking fore please.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Teodolfo Salcedo Vazquez    M-21621    5/9/12
Offender's Signature         ID#        Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 5/10/12
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, Springfield.

Response: See attached response from HCU.

Payne                Payne                 1/18/13
Print Counselor's Name   Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: __/__/__    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    __/__/__
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)

EXHIBIT 1 - 7