IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TEODOLFO SALCEDO-VAZQUEZ, #M21621 | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 13-cv-00606-GPM-DGW |
| S. NWAOBASI and WEXFORD HEALTH SERVICES, | ) ) ) ) | |
| Defendants. | ) | |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Teodolfo Salcedo-Vazquez, by and through undersigned counsel, and states as follows in opposition Defendants' Motion for Summary Judgment.

**I.     Factual Background**

Teodolfo Salcedo-Vazquez is a non-English-speaking inmate who has been incarcerated at the Menard Correctional Center in Illinois since June 2011. He has complained of significant, unremitting pain arising from a tumor on his left shoulder consistently since his arrival at the facility. *See, e.g.,* Defendants' Exhibit A10, 6/7/2011 medical notes ("the pain is uncontrollable"). He sought removal of the tumor from the outset. *E.g.* Defendants' Exhibit A17, 7/30/11 medical notes ("I supposed [sic] to have had this cyst removed from my shoulder but I was on lockdown."). He was seen by a revolving contingent of medical personnel, including Dr. Nwaobasi (7/1/11, Def. Ex. A12; 10/14/11, Def. Ex. A25; 11/2/11, Def. Ex. A26; 11/23/11, Def. Ex. A32; et. al.), among others.

These visits and any corresponding action taken by the medical personal did not afford him relief. There is no evidence that translators were provided during any of the medical visits. He attempted to file numerous grievances in an effort to obtain effective treatment. *E.g.* Def. Ex.

1

A24, 10/13/11 note ("Cell house SGT . . . reports [inmate] writing a grievance and wanted to check if there was anything HCU staff could do for him and his C/O's of pain. [sic] [Inmate] speaks poor English but reports pain level '10' on a 0-10 scale."); *see also*, Defendants' Exhibit B6-7, Cumulative Counseling Summary (from 8/30/2011, "Offender seen during tour and wants to know if I received his kites. He was told I'm still working on them."; from 11/22/2011, "Returned grv CAO deemed not an emergency E-53."; from 3/13/2012, "Responded to inmate kite regarding medical issues. Due to HIPPA, forwarded to HCU for response."; from 5/8/2012 "Emergency Grievance E15 determined not an emergency by CAO and returned to inmate. Grievance dated 5-6-12 regarding a tumor on his back he wants removed. Last seen by HCU 4-18-12 with follow up in one month.").

After eleven months of complaints of "constant, hot, burning, stabbing, throbbing" pain that radiated down his arm (Def. Ex. A43), the tumor was excised by Defendant Dr. Nwaobasi under local anesthetic on May 17, 2012. Def. Ex. A44. Mr. Salcedo-Vazquez continued to complain of significant pain without relief despite repeated follow-up visits with medical personnel. *E.g.* Def. Ex. B6, Counseling notes (from 5/29/12, "Said he had surgery here at Menard on 5/17/12 and is continueing [sic] to have pain go down arm into fingers. Will notify HCU."; from 7/24/12, "Discussed grievances. Also informed me he is still having pain go down his arm since his surgery. He says he has put in sick call slips, but nobody has answered him. Contacted HCU.").

He maintains that he continues to experience pain to this day. Throughout this timeframe, there is no evidence any translators were ever provided to Mr. Salcedo-Vazquez for the purpose of either obtaining treatment, communicating with prison personnel, or understanding the administrative protocol for filing grievances. Mr. Salcedo-Vazquez maintains

2

that he never received a copy of the Inmate Orientation Manual in Spanish, nor was one even available for review in the prison law library through at least October 2013. *See* Salcedo-Vazquez Affidavit, attached as Plaintiff's Ex. A. He has provided undersigned counsel with the Affidavits of various other non-English-speaking inmates from Menard Correctional Center who confirm this assertion. *See* Plaintiff's Ex. B. Similarly, copies of the United States Code and the Illinois Administrative Code are not available in Spanish to the inmates. *Id.* Mr. Salcedo-Vazquez was, therefore, wholly dependent on the assistance of other bilingual inmates in communicating with prison officers or filing any grievances at all, and at the mercy of those inmates' knowledge of the administrative rules governing the grievance procedure. Pl. Ex. A.

Meanwhile, it is unclear what transpired with all of the various grievances that he filed or attempted to file between August 2011 and July 2012. According to documents produced in response to Defendants' subpoena, Mr. Salcedo-Vazquez only received a formal response to one: the grievance he filed May 9, 2012, which is inexplicably marked "received" on February 4, 2013, a full nine months later. Def. Ex. C5. Upon review of this grievance nearly a year after the fact, this grievance was summarily denied on the basis that the tumor was removed shortly after the grievance was filed, which action was summarily affirmed by the ARB. Def. Ex. C3-4. No response, evidently, was ever provided to Mr. Salcedo-Vazquez with respect to any of the other grievances the counseling summary indicates he filed, before or after the procedure.

In response to Mr. Salcedo-Vazquez's civil suit pursuant to 42 U.S.C. § 1983, alleging that Defendants treated his serious medical condition with deliberate indifference, Defendants have claimed that he is precluded from seeking relief in this Court because he has failed to exhaust his administrative remedies. DN 26. Defendants' Motion for Summary Judgment must be denied.

## II.     Legal Standards

In reviewing a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party.  Kaba v. Laird, 458 F.3d 678, 681 (7th Cir. 2006).  Exhaustion is an affirmative defense, and the burden of proof is on the moving party.  Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).  Sworn affidavits, particularly those that are detailed, specific and based on personal knowledge, are competent evidence to rebut a motion for summary judgment.  Kaba, 458 F.3d at 681.

The Prison Litigation Reform Act (PLRA) prohibits any suit regarding prison conditions from being brought pursuant to 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997 (e).  However, a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.  Dole, 438 F.3d at 809, *citing* Lewis V. Washington, 300 F.3d 829, 833 (7th Cir. 2002).  A remedy similarly becomes unavailable when language barriers preclude the prisoner from having full understanding or access to the administrative remedy process.  Abel v. Pierson, 2008 U.S. Dist. LEXIS 86444 (S.D.IL. Feb. 13, 2008); Borjorquez v. Fitzsimmons, 2009 U.S. Dist. LEXIS 22929 (C.D.IL. Mar 23, 2009).

Both circumstances are present in this case.  The Defendants' argument that Mr. Salcedo-Vazquez failed to exhaust because he filed his "only" grievance on May 9, 2012, prior to ever being seen by Dr. Nwaobasi is not only factually inaccurate (*see* Def. Exs. A12, A25, A26, A32), but also not dispositive (*see* Bojorquez, 2009 U.S. Dist. LEXIS 22929, *9, denying motion for summary judgment based on language barrier even though Spanish-speaking plaintiff named neither defendant in his grievances and inaccurately described them).

4

The Cumulative Counseling Summary produced by Defendants as part of Initial Disclosures plainly indicates that Mr. Salcedo-Vazquez filed or attempted to file numerous grievances regarding the same overarching medical problem between August 2011 and July 2012. Def. Exs. B6-7. They covered the entire period of time during which he was treated at Menard Correctional Center, during which treatment period Dr. Nwaobasi was one of his rotating providers. Inexplicably, Mr. Salcedo-Vazquez received a response to only one of these grievances. Def. Exs. C3-5. This single response, further, was a summary denial of his claim which not provided until nearly a year after the grievance itself was filed, and was an untimely and ineffective "remedy" for the severe and unrelenting pain Mr. Salcedo-Vazquez described.

Moreover, Mr. Salcedo-Vazquez is a Spanish-speaking inmate who had no access to Spanish-speaking prison officials or materials to adequately explain the administrative grievance protocol. Thus, to the extent Mr. Salcedo-Vazquez failed to properly file any of his grievances, or failed to fully exhaust his administrative remedies with respect to each of his individual claims or each individual defendant, such failure is excused because these remedies were not truly available to him.

The Defendants have failed to carry their burden of showing that plaintiff failed to exhaust administrative remedies. At a minimum, as this Court held in <u>Abel</u>, "crucial questions regarding whether plaintiff was given appropriate assistance in completing a grievance and navigating the appropriate administrative remedies remain, thereby precluding summary judgment." 2008 U.S. Dist. LEXIS 86444, *9.

WHEREFORE, Defendant Teodolfo Salcedo-Vazquez prays for an order of this Honorable Court denying Defendants' Motion for Summary Judgment, allowing substantive discovery to proceed, and for such other relief as this Court deems fit.

Respectfully submitted,

The Welby Law Firm, LLC

*/S/ Stephen R. Welby*
STEPHEN R. WELBY
1221 Locust Street, 4th Floor
St. Louis, Missouri 63103
(314) 436-1888/(314) 436-1811
welbylawfirm@yahoo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2014, the foregoing was electronically filed with the Clerk of the Court and served by operation of the Court's electronic filing system upon all counsel of record.

*/S/ Stephen R. Welby*