# SANDBERGPHOENIX
## & VON GONTARD P.C.

**Tammy J. White**
*Paralegal*

600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
Tel: 314.446.4312
Fax: 314.241.7604
tawhite@sandbergphoenix.com
www.sandbergphoenix.com

August 22, 2013

Clinical Services Supervisor
Menard Correctional Center
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

> **Re: Teodolfo Salcedo-Vazquez, M21621 v. Samuel Nwaobasi, M.D., et al.**
> **USDC SDIL Cause No. 3:13-CV-606-GPM-DGW**

Dear Sir/Madam:

This firm represents Samuel Nwaobasi, M.D. in an action brought against him by Teodolfo Salcedo-Vazquez. In preparing this case for trial, we need to obtain CERTIFIED copies of all records listed on the attached Subpoena concerning Mr. Salcedo-Vazquez, IDOC inmate number M21621.

Also enclosed is an Order of the Court, permitting the release of records to our office. Please note that we need these records no later than September 13, 2013. It is our understanding you will mail these records to our office, in lieu of appearing for deposition. In addition, as the Records Custodian, please read and execute the enclosed affidavit. If the records are returned without a properly executed affidavit, it will increase the likelihood that a representative of your facility will have to appear before the court to certify the records.

If you should have any questions or concerns, please contact me. Any charges associated with this request should be billed to this firm and directed to my attention. Thank you for your assistance.

Very truly yours,

Tammy J. White

:tjw
Enclosures
cc: Mr. Salcedo-Vazquez, M21621

EXHIBIT
DEF EX. B

SALCEDO-VASQUEZ EXHIBIT B 1

Issued by the

# UNITED STATES DISTRICT COURT

| **SOUTHERN** | DISTRICT OF | **ILLINOIS** |
|---|---|---|

*TEODOLFO SALCEDO-VAZQUEZ, M21621*

V.

*SAMUEL NWAOBASI, M.D., et al.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   **3:13-cv-606-GPM-DGW**

TO: **Clinical Services Supervisor**
**Menard Correctional Center**
**711 Kaskaskia Street, PO Box 1000**
**Menard, IL 62259**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**The Case History Management (CHAMPS) summary, formerly known as the cumulative counseling summary, of Teodolfo Salcedo-Vazquez, M21621.**

| MAIL TO **Sandberg Phoenix & von Gontard, PC, attn: Leslie M. Warren** **600 Washington Ave. - 15th Floor** **St. Louis, MO 63101** | DATE AND TIME **by September 13, 2013** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) attorney for Defendant Nwaobasi | DATE 8-22-13 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**name: Timothy P. Dugan and Leslie M. Warren**          **address: 600 Washington Ave. - 15th Fl.**          **phone: 314-231-3332**
**Sandberg Phoenix & von Gontard, PC**                         **St. Louis, MO 63101**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SALCEDO-VASQUEZ EXHIBIT B 2

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED**  mailed August 22, 2013 | | to Menard, Illinois |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| **Clinical Services Supervisor** **Menard Correctional Center** | **U.S. Mail** |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| **Tammy J. White** | **Paralegal** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___8/22/13___
DATE

_____
SIGNATURE OF SERVER

**600 Washington Ave. - 15th Floor**
ADDRESS OF SERVER

**St. Louis, MO 63101**

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

SALCEDO-VASQUEZ EXHIBIT B 3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TEODOLFO SALCEDO-VAZQUEZ, #M21621, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 13-cv-00606-GPM-DGW |
| S. NWAOBASI, E. FUENTES, JOHN/JANE DOE, and WEXFORD HEALTH SOURCES, INC. | ) ) ) ) | |
| Defendants. | ) | |

---

## HIPAA QUALIFIED PROTECTIVE ORDER

Before the Court is a Motion for a Qualified Protective Order pursuant to 45 C.F.R. 164.152 of the Health Insurance Portability and Accountability Act (HIP AA) (Doc. 18), filed by Defendants Wexford Health Sources, Inc. and Samuel Nwaobasi, M.D. The Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation. The Motion is **GRANTED.**

Accordingly, it is hereby **ORDERED:**

1.    All records produced by the parties to this litigation are produced subject to this Order.

2.    This Order also applies to any records produced by a covered entity, as defined by 45 C.F.R. 160.103, which has received a request or subpoena for protected health information.

3.    During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Regulations promulgated pursuant to said Act.

SALCEDO-VASQUEZ EXHIBIT B 4

(a)   All protected health information disclosed by any of Plaintiffs healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b)   Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c)   Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

(1)   The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.P.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

(2)   The parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made; provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**IT IS SO ORDERED.**

**DATED: August 21, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

SALCEDO-VASQUEZ EXHIBIT B 5

# CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | | | Register Number | Current Classification |
|---|---|---|---|---|
| SALCEDO-VAZQUEZ, TEODOLFO | | | M21621 | 1-A-M |

| Counselor/Agent Name * |
|---|
| PAYNE, VICKIE S. |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 7/3/2013 13:04:31 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Said his friend Yovonny Velasquez was turned away again and that he is on his approved visiting list. | | | |
| 6/25/2013 13:09:49 | COUNSELOR'S OFFICE/MEN | Collateral | Other | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Submitted annual reclass. | | | |
| 5/16/2013 15:25:21 | ASSISTANT WARDEN OF OPERATIONS OFFICE/MEN | Collateral | Other | WINGERTER, TERRI B., Office Associate |
| Comments: | Responded to i/m on 4/22/13 regarding visits from his son. Advised i/m that his son must write to the A/W Operations for permission to visit. | | | |
| 5/15/2013 14:38:32 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Says his visitors keep getting turned away. The gatehouse did not have any information on this. I told him he needs to ask his visitors why they were turned away. Says he is having problems with the phones. I told him in order for him to talk to people they must first set up an account with the phone company. I also sent him his pin #292 in case he has it wrong. | | | |
| 3/18/2013 11:08:57 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Requested copy of TF statement, sent. | | | |
| 3/14/2013 13:41:41 | COUNSELOR'S OFFICE/MEN | Collateral | Other | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Submitted visiting list. | | | |
| 1/25/2013 08:34:37 | ADMINISTRATION BUILDING/MEN | Collateral | Other | BIEVENUE, ANITA F., Account Technician I |
| Comments: | sent offender a completed informa pauperis along with a certified TF statement as per his written request. | | | |
| 1/23/2013 15:05:55 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Said he had needed to get some copies made for a court deadline. Contacted Law Library. | | | |
| ~~12/.../...~~ | COUNSELOR'S OFFICE/MEN | Collateral | Other | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | ~~Received grievance from inmate about a medical issue. Forwarded grievance onto the HCU. Sent grievance back to inmate with response from HCU attached.~~ | | | |
| 12/10/2012 10:18:51 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | PREA informational flier was handed to offender on this date. | | | |
| 11/9/2012 12:55:54 | EAST CELL HOUSE/MEN | Personal | Face To Face | OWENS, LATOYA T., Correctional Casework Supervisor |
| Comments: | During gallery tour discussed grievance issues with inmate. MP | | | |
| 9/12/2012 13:49:10 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Says he isn't receiving his mail from his family. | | | |
| 8/14/2012 11:34:55 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Gave attorney call from 10:11 to 10:43. Was put on hold for 5 minutes before being connected to the attorney, and then the attorney put me on hold while he tracked down an interrupter. | | | |
| ~~7/24/2012 13:36:38~~ | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | ~~Discussed grievances. Also informed me he is still having pain go down his arm since his surgery. He says he has put in sick call slips, but nobody has answered him. Contacted HCU.~~ | | | |
| ~~5/.../2012 15:44:53~~ | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | ~~Said he had surgery here at Menard on 5/7/12 and is continuing to have pain go down arm into fingers. Will notify HCU.~~ | | | |
| ~~.../.../2012 ...:44~~ | ASSISTANT WARDEN OF PROGRAMS OFFICE/MEN | Collateral | Other | OAKLEY, LORI F., Corrections Clerk III |
| Comments: | ~~Emergency Grievance 515 determined not an emergency by CAO and returned to inmate. Grievance dated 5-6-12 regarding a lump on his arm he wants removed. Last seen by HCU 4-18-12 with follow up in one month.~~ | | | |
| 4/2/2012 12:57:41 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
| Comments: | Complained to me about the lump on his shoulder and that HCU won't do anything about it. I told him there is nothing I can do because I'm not a doctor. | | | |
| ~~.../.../...~~ | ASSISTANT WARDEN OF PROGRAMS OFFICE/MEN | Collateral | Other | COLE, TAMMY R., Office Coordinator |
| Comments: | ~~Responded to inmate kite regarding medical issues. Due to HIPPA, forwarded kite to HCU for response.~~ | | | |

*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

SALCEDO-VASQUEZ EXHIBIT B 6

# CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| SALCEDO-VAZQUEZ, TEODOLFO | M21621 | 1-A-M |

| Counselor/Agent Name * |
|---|
| PAYNE, VICKIE S. |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 2/15/2012 15:25:57 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |

Comments: *Discussed aggression level, 9 moderate.*

| 1/26/2012 13:48:45 | COUNSELOR'S OFFICE/MEN | Collateral | Phone | PAYNE, VICKIE S., Correctional Counselor II |
|---|---|---|---|---|

Comments: *Received call from State's Attorney's Office inquiring if I had found out about his transcripts. I informed her that he said he had not received the transcripts and forwarded the call out to the mailroom.*

| 1/25/2012 13:46:48 | EAST CELL HOUSE/MEN | Collateral | Phone | PAYNE, VICKIE S., Correctional Counselor II |
|---|---|---|---|---|

Comments: *Received phone call from States Attorney's Office wondering if he had ever received his transcripts they sent, in September, registered mail. His cellie translated for me. He said he had not received any transcripts.*

| 1/10/2012 11:12:47 | ADMINISTRATION BUILDING/MEN | Collateral | Other | SPILLER, LEE A., Account Technician I |
|---|---|---|---|---|

Comments: *Offender requested Trust Fund Statement ... sent. Offender inquiring as to why he was not allowed to shop on 1/6/11. Commissary was contacted and was informed that the offender was not on the list as eligible to shop. Offender had been in the hospital.*

| 12/14/2011 15:07:49 | EAST CELL HOUSE/MEN | Personal | Face To Face | PAYNE, VICKIE S., Correctional Counselor II |
|---|---|---|---|---|

Comments: *No requests at time of tour.*

| 12/5/2011 14:27:03 | EAST CELL HOUSE/MEN | Collateral | Other | ROWOLD, ROBIN L., Correctional Officer |
|---|---|---|---|---|

Comments: *Offender telephone number list request submitted.*

| 12/1/2011 13:07:19 | EAST CELL HOUSE/MEN | Personal | Phone | SUMMERS, REGINA A., Correctional Counselor II |
|---|---|---|---|---|

Comments: *Received a call from Mezina Awad. She received a letter from inmate that his calls would not go through. In looking at his phone list, it appears her number was listed as 224-629-9629. It should be 9628. Sent a blank phone list form for him to correct the number.*

| 11/22/2011 13:23:57 | ASSISTANT WARDEN OF PROGRAMS OFFICE/MEN | Collateral | Other | GRUBER-HARRINGTON, T, Correctional Officer |
|---|---|---|---|---|

Comments: *~~Offender requested a declared state emergency 8-53am~~*

| 10/17/2011 10:09:10 | EAST CELL HOUSE/MEN | Personal | Face To Face | ROWOLD, ROBIN L., Correctional Officer |
|---|---|---|---|---|

Comments: *Offender seen in cell during gallery tour. Offender request and sent pin number 292.*

| 10/13/2011 13:11:09 | EAST CELL HOUSE/MEN | Collateral | Other | ROWOLD, ROBIN L., Correctional Officer |
|---|---|---|---|---|

Comments: *Offender telephone list submitted.*

| 9/06/2011 13:46:56 | EAST CELL HOUSE/MEN | Personal | Face To Face | ROWOLD, ROBIN L., Correctional Officer |
|---|---|---|---|---|

Comments: *Offender seen during tour and wants to know if i ~~received his status. He was told I'm still working on them~~.*

| 8/12/2011 14:02:04 | EAST CELL HOUSE/MEN | Collateral | Other | ROWOLD, ROBIN L., Correctional Officer |
|---|---|---|---|---|

Comments: *Processed offender visiting list.*

| 8/3/2011 10:13:39 | EAST CELL HOUSE/MEN | Collateral | Other | SUMMERS, REGINA A., Correctional Counselor II |
|---|---|---|---|---|

Comments: *Phone list submitted for processing.*

| 6/28/2011 12:43:19 | ORIENTATION/MEN | Personal | Face To Face | ROWOLD, ROBIN L., Correctional Officer |
|---|---|---|---|---|

Comments: *Offender participated in Orientation process and was provided with the Orientation Manual. Issued Orientation Manual in Spanish to Offenders with poor English skills. Offenders signed for manuals. Offender Pre-Release Identification Checklist initiated. Provided Telephone Pin # form and Visiting List form and explained procedures. All Offenders were informed of House Bill 569 and explained process for application. Complained of a growth on his back. I spoke to N1 med tech who said he would put him on sick call.rr*

*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

SALCEDO-VASQUEZ EXHIBIT B 7

STATE OF ILLINOIS     )
                         ) SS
COUNTY OF _Randolph_  )

## A F F I D A V I T OF CUSTODIAN OF COUNSELING RECORDS

Before me, the undersigned Notary Public, personally appeared _Betsy Spiller_,

who, being by me duly sworn, deposed as follows:

My name is _Betsy Spiller_ (Custodian of Records), I am of sound mind,

capable of making this affidavit, and personally acquainted with the following facts:

I am a custodian of counseling records of Menard Correctional Center, hereinafter "this

facility". Attached to this affidavit are ___2___ pages of records from this facility regarding

**Teodolfo Salcedo-Vazquez, M21621.** These ___2___ pages of records are kept by this facility

in the regular course of business, and it was the regular course of business of this facility for an

employee or representative of this facility to make a record of or to transmit information thereof

to be included in such record; and the record was made at or near the time of the act or event.

The records attached hereto are the original or exact duplicates of the original.

_____
Affiant

IN WITNESS WHEREOF I have hereunto subscribed my name and affixed my official

seal this _10th_ day of _SEPTEMBER_ 2013.

_Cynthia L. Gimber_
Notary Public

My Commission Expires: _09/07/2015_

Official Seal
Cynthia L Gimber
Notary Public State of Illinois
My Commission Expires 09/07/2015

4494212.1