IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *TEODOLFO SALCEDO-VAZQUEZ,* <br> *#M21621,* <br> <br> Plaintiff, <br> <br> v. <br> <br> S. NWAOBASI, E. FUENTES, JOHN/JANE DOE, and WEXFORD HEALTH SOURCES, INC. <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 13-cv-00606-JPG-DGW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

COMES NOW Defendants Samuel Nwaobasi, M.D. and Wexford Health Sources, Inc. ("Wexford"), by and through their attorneys Sandberg Phoenix & von Gontard P.C., and for their Reply to Plaintiff's Response to Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, state as follows:

### INTRODUCTION

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), filed this claim pursuant to 42 USC § 1983, claiming that Dr. Nwaobasi and Wexford were deliberately indifferent to a lipoma on Plaintiff's upper back. Doc. 1. Plaintiff's claims against Dr. Nwaobasi and Wexford are divided into three counts: Count 1) against Wexford and Dr. Nwaobasi for treatment of the lipoma prior to Dr. Nwaobasi's removal of the lipoma on May 17, 2012; Count 2) against Dr. Nwaobasi for treatment of plaintiff's pain after the lipoma was removed; Count 3) against Wexford for treatment of plaintiff's pain after the lipoma was removed. Doc. 7; *see also* Doc. 26-3, noting that the lipoma was removed on May 17, 2012.

Defendants filed a motion for summary judgment in this matter, establishing that Plaintiff properly submitted one grievance dated May 9, 2012 (Doc. 26-2, p. 3-5) through the appropriate administrative channels at Menard and the Administrative Review Board ("ARB), but that grievance did not identify Dr. Nwaobasi or a Wexford policy and therefore did not exhaust Plaintiff's administrative remedies against either defendant.[1] Docs. 25 and 26. Plaintiff responded with two arguments. First, Plaintiff claimed that his counseling record shows that he "filed or attempted to file numerous grievances" at Menard Correctional Center regarding the lipoma. Second, Plaintiff argues that he did not understand how to submit grievances because he only speaks Spanish. Plaintiff's response warrants a Reply pursuant to Local Rule 15.1 because neither of these arguments is supported by the record in this case.

Vickie Payne is Plaintiff's Correctional Counselor at Menard, and her affidavit is attached herein as Exhibit 4. Also, Plaintiff attached his cumulative counseling summary to his Response (Doc. 44), but the document uploaded to PACER is difficult to read and so another copy is attached herein as Exhibit 5.

**I. Plaintiff's counseling summary is a record of communications with his counselor, not a record of grievances submitted to the Grievance Officer.**

Plaintiff claims that he "attempted to file numerous grievances in an effort to obtain effective treatment" and then cites his counseling summary as evidence of his attempts to file grievances. Doc. 44, p. 1-2. This argument confuses submitting grievances to Plaintiff's counselor with submitting grievances to the Grievance Officer. The process for submitting a grievance pursuant to the Illinois Administrative Code is outlined in Defendants' Memorandum of Law in Support of Summary Judgment, and a lengthy recitation is not necessary here. Doc. 26, p. 2. Briefly, the inmate first attempts to resolve the issues with his

---

[1] Also, as the grievance is dated May 9, 2012, it was written before Plaintiff's lipoma was removed and therefore could not exhaust Plaintiff's administrative remedies for Counts II and III.

counselor. 20 Ill Admin. Code 504.810. If he is unsuccessful, he must submit a grievance to the Grievance Officer at Menard, who investigates the grievance and reports his/her findings to the Warden. 20 Ill Admin. Code 504.810 *et seq*. If the Warden denies the inmate's grievance, the inmate must appeal it to the ARB. *Id*.

In contrast to the grievance process, a "kite" at Menard Correctional Center is one way an inmate can communicate with his counselor. Ex. 4. Plaintiff's counseling summary is a record of various communications between him and his counselor (including inquiries about kites that Plaintiff sent to his counselor), not a record of grievances that Plaintiff submitted to the Grievance Officer. Ex. 4.

Plaintiff also points to two emergency grievances that he submitted at Menard that the Warden determined were not emergencies. His counselor returned them to him, and documented as such on the counseling summary. Once the grievances were returned to Plaintiff, he did not resubmit them as non-emergencies, nor did he appeal them to the ARB. Docs. 26-1 and 26-2. Thus, those grievances could not serve to exhaust Plaintiff's administrative remedies. 20 Ill Admin. Code§§ 504.840, 504.850.

**II. Plaintiff's affidavit that he did not understand the grievance process is unreliable.**

Plaintiff's Response includes multiple affidavits from Spanish-speaking prisoners at Menard, claiming the grievance process was never explained to them in Spanish. Plaintiff also claims that he was never given an Orientation Manual in Spanish, explaining the grievance process.

Moreover, Plaintiff's testimony that there is no opportunity or information available for him to learn about the grievance process at Menard is contradicted by the fact that he did properly submit a grievance through all the required administrative channels. His grievance dated May 9, 2012 was submitted to the Grievance Officer and then appealed to the ARB, all within the proper

time frames. Doc. 26-2, p. 3-5. As explained in Defendants' motion, the 5-9-12 grievance was properly exhausted, but not against Wexford and Dr. Nwaobasi. Doc. 26. Plaintiff provides no explanation as to why, after properly submitting the 5-9-12 grievance, he did not follow the same procedure to grieve the care he received after his lipoma was removed on May 17, 2012. *See* Doc. 26-3, p. 14.

In addition to the fact that Plaintiff did properly submit a grievance at Menard and to the ARB, Plaintiff's claims that he does not know how to do so are also belied by the fact that he never asked his counselor, Vickie Payne, how he was supposed to submit grievances. Plaintiff's counseling summary shows that he spoke with Ms. Payne on multiple occasions during the time that he was allegedly in pain from the lipoma, about a variety of issues. Plaintiff spoke with Ms Payne (via Plaintiff's English speaking cellmate) about why his visitors were being turned away, how he could receive phone calls and mail, how he could get copies made for a court deadline, yet Plaintiff never asked her how he should submit grievances. Ex. 4 and Ex. 5.

## CONCLUSION

On a motion for summary judgment, the Court must weigh all reasonable inferences in favor of the non-moving party. *Omnicare, Inc. v. UnitedHealth Group, Inc.,* 629 F.3d 696, 704 (7th Cir. 2011). However, the Court is not "required to draw every requested inference; [it] must only draw reasonable ones that are supported by the record." *Id*. If the non-moving party only supports his position with "merely colorable" evidence, summary judgment may be granted in favor of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Here, Plaintiff's arguments are not supported by the record, and summary judgment should be granted in favor of Dr. Nwaobasi and Wexford Health Sources, Inc.

WHEREFORE, for the reasons above and the reasons stated in Defendants' Motion for

Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment, Defendants Samuel Nwaobasi, M.D., and Wexford Health Sources, Inc. respectfully request that summary judgment be granted in their favor and against Plaintiff.

SANDBERG PHOENIX & von GONTARD P.C.

By: s/Leslie M. Warren
Timothy P. Dugan, #6271610
Leslie M. Warren, #6304239
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: tdugan@sandbergphoenix.com
lwarren@sandbergphoenix.com

Attorneys for Defendants
Dr. Samuel Nwaobasi and Wexford Health Sources, Inc.

**Certificate of Service**

I hereby certify that on the 4th day of February, 2014, the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Stephen R. Welby
1221 Locust Street, 4th Floor
St. Louis, Missouri 63103
314-436-1888
314-436-1811 (FAX)
Email: welbylawfirm@yahoo.com

s/Leslie M. Warren