IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TEODOLFO SALCEDO-VAZQUEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-606-JPG-DGW |
| | ) | |
| | ) | |
| S. NWAOBASI and WEXFORD HEALTH | ) | |
| SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).   For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants, S. Nwaobasi and Wexford Health Sources, Inc., on September 26, 2013 (ECF 25) be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff, Teodolfo Salcedo-Vazquez, filed a Complaint on June 24, 2013 (ECF 1) alleging that he was denied adequate medical attention with respect to a mass on his left shoulder.   The Complaint was screened pursuant to 28 U.S.C. § 1915A on August 6, 2013 and Plaintiff was permitted to proceed on three claims:

Count 1: Dr. S. Nwaobasi, and Wexford Health Sources, Inc., individually, were deliberately indifferent to Plaintiff's serious medical needs—pre-operation—between June 2011 and May 2012, in violation of the Eighth Amendment.

Count 2: In May 2012, Dr. S. Nwaobasi was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment, when he performed a "back alley" operation on Plaintiff's shoulder.

Count 3: Wexford Health Sources, Inc., were deliberately indifferent to Plaintiff's serious medical needs when they failed to give Plaintiff prescribed medication after his operation.

(ECF 7)

Plaintiff's claims are accordingly limited to allegations pursuant to the Eighth Amendment that Defendants Nwaobasi and Wexford Health were deliberately indifferent to his serious medical need, to wit, a tumor or mass in his left shoulder, from June, 2011 through May, 2012.

Defendants have filed a Motion for Summary Judgment on the Issue of Exhaustion (ECF 26), to which Plaintiff has responded (ECF 44), and to which Defendants have filed a reply (ECF 47). On April 8, 2014, this Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), in which Plaintiff and a witness, Vicki Payne, appeared by video-conference and gave testimony. The parties were granted until April 15, 2014 to supplement their briefs with respect to exhaustion. No supplemental briefs have been filed as of the date of this Report and Recommendation.

## FINDINGS OF FACT

Plaintiff is a Spanish speaker who does not speak more than "broken English" and who does not appear to read or write in English. All of the documents penned by Plaintiff, in English, were drafted by other inmates at the Menard Correctional Center. Plaintiff must rely on other inmates to draft documents in English and to translate from the English language to the Spanish

language in both written and verbal communication. Plaintiff's "Cumulative Counseling Summary" indicates that he was given a Spanish language Orientation Manual; however, Plaintiff testified that he received no such manual (ECF 47-2, p. 2). Plaintiff's counselor, Vicki Payne, further testified (and submitted an affidavit) that Plaintiff spoke only "broken English" and that she speaks to him through an English/Spanish speaking cellmate (ECF 47-1, p. 2). Surprisingly, Ms. Payne testified that when she received written documents from Plaintiff, in English, she simply assumed that he wrote the documents himself. Finally, Ms. Payne testified that because of the number of inmates she counsels, she cannot keep track of who can read and write in English. According to Ms. Payne, Plaintiff never requested an explanation of the grievance process and she did not provide one.

Defendants argue that Plaintiff submitted only one exhausted grievance related to medical care of his left shoulder, dated May 9, 2012. This grievance indicates that Plaintiff "talk[ed] to the doctor two weeks ago. And he do nothing" (ECF 26-2, p. 5). A counselor responded on January 2, 2013; a grievance officer responded on March 27, 2013; the warden concurred on April 3, 2013; and, the ARB responded on May 7, 2013 (*Id.* 3-5). Defendants contend that because Defendant Nwaobasi did not treat Plaintiff prior to May 16, 2012, the grievance could not concern him.[1] Moreover, the grievance does not identify any policy or custom of Wexford that led to the substandard medical care.

Plaintiff's Cumulative Counseling Summary reveals, however, that Plaintiff submitted a number of grievances to his counselor regarding his medical concerns on May 8, 2012, July 24, 2012, November 9, 2012, and January 2, 2013 (ECF 47-2, p. 1). The document does not

---

[1] However, Defendant does indicate that Dr. Nwaobasi treated Plaintiff on November 23, 2011.

indicate, however, the specific nature of the grievances, whether Plaintiff submitted these grievances to a grievance officer, or whether he appealed any such grievances to the ARB. Only the May 9, 2012 grievance is contained in the record before the Court.[2]  Neither party has provided copies of the other grievances.  Defendants note, however, that if Plaintiff only submitted a grievance to his counselor, the jail would not keep copies of that document and they would not be contained in Plaintiff's master file.

Defendants point out that Plaintiff in fact was able to follow the grievance process with the May 9, 2012 grievance and that merely complaining to his counselor is not the equivalent of filing a grievance.  Plaintiff testified, however, that he relied on his cellmates and other Spanish speaking inmates to assist him in filling out grievances and submitting them to the appropriate person.  He further testified that he did not receive responses to the grievances that he submitted. He did not receive any assistance from any jail personnel in either filling out or submitting grievances.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are

---

[2] Even though Plaintiff's counselor, Ms. Payne, received the grievance on May 10, 2012, she did not respond until January 2, 2013.  The Cumulative Counseling Summary documents this grievance in an entry dated January 2, 2013.

in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).  *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for

expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

In this case, "the paper process was [not] in reality open for the prisoner to pursue." This Court finds Plaintiff credible in his statement that he does not speak, read, or write in English. Plaintiff was relegated to relying on other inmates to inform him of the grievance procedure, write out grievances, and submit them to the proper person at the proper time. It appears that notwithstanding Ms. Payne's knowledge that Plaintiff could not speak English well (she avers that she spoke to him through another inmate), she nonetheless assumed that he could read and write in English. While Plaintiff may not have affirmatively sought explanations or instructions in Spanish, it would appear the prison also made no effort to provide Plaintiff with any

information on the grievance process in Spanish.  The regulations cited above provide that:

> c) Staff assistance shall be available as requested by those offenders who cannot prepare their grievances unaided as determined by institutional staff.
>
> > 1) All offenders shall be entitled to file grievances regardless of their disciplinary status or classification.
> >
> > 2) Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to offenders who are impaired, disabled, or unable to communicate in the English language.
>
> d) Offenders shall be informed of the grievance procedure at the admitting facility and may request further information regarding the procedure from their counselors.
>
> > 1) The written procedure shall be available to all offenders.
> >
> > 2) An offender unable to speak or read the English language may request that the procedure be explained in the individual's own language.

ILL. ADMIN. CODE tit. 20, § 504.810

Plaintiff states, and this Court finds, that he never was given an Orientation Manual in Spanish and that no person in the jail, especially not his Counselor, made any effort to inform him of the grievance process in a language that he readily understood.  Assistance from other inmates cannot be a substitute for assistance from actual jail personnel.  It appears to this Court that no "reasonable steps" were taken to "ensure" that the grievance process was made available to Plaintiff by the Menard Correctional Center.

In addition, it is clear that Plaintiff complained about his medical condition throughout the relevant time period and that he attempted to submit or did submit various grievances regarding his condition.  The prison apparently has no record of these grievances except what is contained in the Cumulative Counseling Summary.  On July 24, 2012, Plaintiff and his

counselor: "Discussed grievances.  Also informed me he is still having pain go down his arm since his surgery.  He says he has put in sick call slips, but nobody has answered him.  Contacted HCU"  (ECF 47-2, p. 1).  There is no indication in the record that the grievances mentioned in this entry were ever returned to Plaintiff (i.e. with a counselor's written response); and, given the amount of time that it took his counselor to respond to the May 8, 2012 grievance, this Court is not convinced that he ever received a response such that he could then take the next step of submitting the matter to a grievance officer.  For this additional reason, this Court finds and concludes that the grievance process was made unavailable to Plaintiff by the Menard Correctional Center.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants, S. Nwaobasi and Wexford Health Sources, Inc., on September 26, 2013 (ECF 25) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 17, 2014**


**DONALD G. WILKERSON**
**United States Magistrate Judge**