IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEODOLFO SALCEDO-VAZQUEZ, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>S. NWAOBASI and WEXFORD HEALTH)<br>SOURCES, INC., )<br>)<br>　　Defendants. ) | Case No. 3:13-cv-606-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

　　Now pending before the Court are the Motion to Appoint Expert and Continue Discovery and the Second Motion to Continue Discovery filed by Plaintiff on February 13, 2015 (Docs. 66 and 67) and the Motion for Extension of Time to File Dispositive Motions filed by Defendants on March 11, 2015 (Doc. 69).  The Motions for Extension of Time to Continue Discovery and File Dispositive Motions are **GRANTED** and the Motion to Appoint Expert is **DENIED WITHOUT PREJUDICE**.

　　The appointment of a medical expert pursuant to Federal Rule of Evidence 706 may be necessary to "help sort through conflicting evidence . . . , but [the court] need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson."  *Turn v. Cox*, Fed.Appx. 463, 468 (7th Cir. 2014), citing *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997). In *Ledford*, the Seventh Circuit noted that "[t]he test for deliberate indifference is not as involved as that for medical malpractice" and requires a subjective determination of whether an official "knows of and disregards a substantial risk of an inmate's health or safety."  *Id.* at 359.  If an expert could assist a jury in understanding evidence or deciding facts at issue, an expert may be

used; however, expert testimony is not required to explain understandable symptoms. In his Motion, Plaintiff notes that there are questions of whether the delay in surgery, the inadequacy of the anesthetic used, and the subsequent pain and nerve damage (loss of function) exhibit deliberate indifference to a serious medical need. It would be within a jury's ability to weigh Plaintiff's claims of pain and loss of function in his arm without the necessity of an expert. Plaintiff has not shown that his condition was overly complicated or obscure, that there is a significant dispute in the medical record, or that there was a misdiagnosis. *See Id.* at 360 (distinguishing cases). While the negative consequences of a delay in treatment may require presentation of "verifying medical evidence," *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007), Plaintiff indicates that the delay caused pain; again, a condition that a jury should understand without the necessity of an expert. *Id*. at 715-716.

To the extent that Plaintiff seeks compensation for an expert that he may retain independent of FRE 706), Plaintiff states that an expert is required to explain the surgical procedure, anesthetic, and subsequent alleged pain and nerve damage that Plaintiff experienced when he was treated for a cyst/excess tissue in his left shoulder. Plaintiff does not specify the type of medical expert that would be required (i.e. a surgeon, anesthesiologist, nerve specialist), nor does Plaintiff specify the costs associated with such an expert or the fees that he/she may charge (i.e. for medical records review, deposition, and testimony). The funds available to a *pro bono* attorney to cover out-of-pocket expenses generally is capped at $5,000. Any requests for such funds, however, must be accompanied by an "appropriate explanation and documentation." *See* PLAN FOR THE ADMINISTRATION OF THE DISTRICT COURT FUND, ¶ 2.6. If Plaintiff seeks such funds to cover the cost of an expert, additional information, like the anticipated cost of an expert and the scope of his/her duties, is required.

As to the extension of time requested by Plaintiff (for discovery) and Defendants (to file a dispositive motion), the discovery deadline is extended to **July 6, 2015** and the dispositive motion filing deadline is extended to **July 21, 2015**. The Final Pretrial Conference is **RESET** to **November 10, 2015** at **2:00 p.m.** before the undersigned and the July Trial is **RESET** to **December 1, 2015** at **9:00 a.m.** before the Honorable Nancy J. Rosenstengel.

**IT IS SO ORDERED.**

**DATED: April 9, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**